UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTHEA CUMMINGS,<br><br>        Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendants. | CIVIL ACTION NO. 2:13-cv-2523 (JLL)(JAD)<br><br>JOINT PROPOSED DISCOVERY PLAN |

1. <u>**Counsel of Record**</u>

    The name, firm name, address, telephone number and facsimile number of the counsel of record for each respective party are as follows:

    (a) Colin M. Page, Esq.
       Colin M. Page & Associates
       333 Route 46 West, 2nd Floor
       Mountain Lakes, New Jersey 07046
       Telephone: (973) 794-6188
       Facsimile: (973) 909-7553
       Attorneys for Plaintiff Althea Cummings ("Plaintiff")

    (b) Meghan O. Offer, Esq.
       Cindy Schmitt Minniti, Esq. (*admitted pro hac vice*)
       Reed Smith LLP
       Princeton Forrestal Village
       136 Main Street, Suite 250
       Princeton, New Jersey
       Telephone: (609) 987-0050
       Facsimile: (609) 951-0824
       Attorneys for Defendant Wells Fargo Bank, N.A. ("Defendant")

2. <u>**Brief Description of the Case**</u>

    Plaintiff, a former employee of Defendant Wells Fargo Bank, N.A., alleges violations of the New Jersey Law Against Discrimination ("NJLAD" – Count One) and the New Jersey Family Leave Act ("NJFLA" - Count Two) related to her alleged requests for medical leave and

her separation from employment.  Defendant denies Plaintiff's claims.

3.  Have settlement discussions taken place?    **No**

   (a) What was plaintiff's last demand?

   (1) Monetary demand: **N/A**

   (2) Non-monetary demand: **N/A**

   (b) What was defendant's last offer?

   (1) Monetary offer: **N/A**

   (2) Non-monetary offer: **N/A**

4.  The parties **have** met pursuant to Fed. R. Civ. P. 26(f)

5.  The parties **will** exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before **September 12, 2013**.

6.  Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).  **None expected**.

7.  The parties **have not** conducted discovery other than the above disclosures.

8.  Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:  **The parties expect that discovery will be needed on the issues of liability and damages.**

   (b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed Schedule:

   (1) Fed. R. Civ. P. 26 Disclosures – by **September 12, 2013**.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) – **Completed**.

   (3) Service of initial written discovery – **by September 30, 2013.**

   (4) Maximum of **25** Interrogatories by each party to each other party.

   (5) Maximum of **10** depositions to be taken by each party.

    (6)    Motion to amend or to add parties to be filed by **October 18, 2013**.

    (7)    Factual discovery to be completed by – **April 18, 2014.**

    (8)    Plaintiff's expert report due on –**April 18, 2014**.

    (9)    Defendant's expert report due on – **May 19, 2014.**

    (10)    Expert depositions to be completed by – **June 16, 2014.**

    (11)    Dispositive motions to be served within **30** days of completion of expert discovery.

(d)    Set forth any special discovery mechanism or procedure requested.

(e)    A pretrial conference may take place on **July 1, 2014**.

(f)    Trial date: **September 2014** ( _x_ Jury Trial; _____ Non-Jury Trial).

**9.** Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Defendant expects that a Confidentiality Order will be necessary to facilitate discovery.**

**10.** Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No**

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**11.** Do you anticipate any discovery problem(s) not listed above? **No**

**12.** State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange or pretrial disclosures, after completion of depositions, after disposition or dispositive motion, etc.). **A settlement conference or mediation may assist in resolving this matter following some discovery.**

**13.** Is this case appropriate for bifurcation? **No**

**14.** An interim status/settlement conference (with clients in attendance), should be held on or before **December 20, 2013.**

**15.** At this time, the parties **do not** consent to the trial being conducted by a Magistrate Judge.

**16.** Identify any other issues to address at the Rule 16 Scheduling Conference – **None.**

| | |
|---|---|
| **COLIN M. PAGE & ASSOCIATES**<br>Attorneys for Plaintiff | **REED SMITH LLP**<br>Attorneys for Defendant |
| */s/ Colin M. Page*<br>Colin M. Page, Esq.<br>333 Route 46 West, 2nd Floor<br>Mountain Lakes, New Jersey 07046 | */s/ Meghan O. Offer*<br>Meghan O. Offer, Esq.<br>Cindy Schmitt Minniti, Esq.<br>(*Admitted Pro Hac Vice*)<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08543-7839 |
| Dated: 9/13/13 | Dated: |